# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 1:19-CR-49-HAB-SLC |
| TIMOTHY L. COATS | |

## OPINION AND ORDER

Defendant Timothy L. Coats is facing gun and drug charges as set forth in a seven-count Indictment. On November 6, 2019, the Court granted Defendant's request to proceed pro se. Since then, Defendant has filed several motions requesting various forms of relief ranging from dismissal of the Indictment for vindictive prosecution to exclusion of evidence seized during the execution of search warrants. Although Defendant has submitted separate motions, similar themes are weaved throughout each motion, leading to repetition and overlap. For the sake of clarity, the Court will address only the main theme of each motion and the relief sought therein. Any matters not ruled upon in an opinion, but that is mentioned in the motion that the opinion addresses, will be resolved by other orders of the Court.

In this Opinion and Order, the Court will rule on Defendant's Motion to Dismiss Indictment Based Upon Vindictive Prosecution [ECF No. 40], to which there has been a response [ECF No. 50] and a reply [ECF No. 56]. Defendant asserts that he was charged in this federal case in retaliation for state court attempted murder charges being dismissed.

## BACKGROUND

Defendant became the target of an investigation for distribution of drugs. During the investigation, agents used informants to make controlled drug buys of marijuana and pills from Defendant on dates ranging from January 24 through March 25, 2019. The first four counts of the Indictment charge Defendant with violations of 21 U.S.C. § 841(a)(1) based on these transactions. As a result of a separate investigation conducted by the Fort Wayne Police Department, evidence was discovered on April 11, 2019, that was used as the basis for Counts 5, 6, and 7 of the Indictment. Count 5 charges Defendant with possessing with intent to distribute a controlled substance and Count 6 charges that he possessed a firearm in furtherance of that drug trafficking crime. The same firearm is the subject of Count 7, which charges Defendant with unlawful possession of a firearm due to his prior felony convictions.

The Fort Wayne Police Department's investigation was prompted by a shooting that took place in Fort Wayne on March 25, 2019. Although Defendant became the suspect in that shooting based on statements from the victim and other witnesses, and was arrested for attempted murder, aggravated battery, and possession of a firearm by a serious violent felon, the State of Indiana moved to dismiss the charges on May 29, 2019. The State submitted that the dismissal was supported by an affidavit from the victim recanting his previous statement. Additionally, the victim informed the prosecuting attorney during a meeting on May 29 that he could not identify the shooter.

On May 31, 2019, a Criminal Complaint, completed by Special Agent Joseph Gass of the FBI's Safe Street Gang Task Force, was filed against Defendant in this cause. It

described the controlled drug transactions leading up to March 25. The Complaint noted that the March 25 shooting investigation had led to the warrant for Defendant's arrest and to the issuance of search warrants on April 11. During the execution of the search warrants, officers located distribution quantities of controlled substances and firearms. A grand jury thereafter indicted Defendant on June 20, 2019.

**ANALYSIS**

A prosecution violates due process if it is pursued to punish an individual for exercising protected statutory or constitutional rights. *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003); *see also United States v. Goodwin*, 457 U.S. 368, 372 (1982) ("To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'") (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)). A defendant is not entitled to a hearing on a claim of vindictive prosecution unless he offers "sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment." *United States v. Monsoor*, 77 F.3d 1031, 1034 (7th Cir. 1996) (internal quotation marks omitted).

Prosecutorial animus is not shown unless there is some "objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication." *United States v. Ribota*, 792 F.3d 837, 840 (7th Cir. 2015) (internal quotation marks omitted). In certain limited circumstances, a defendant is entitled to a rebuttable presumption of vindictiveness. *Id.* When that presumption applies, or defendant has otherwise produced

objective evidence of actual vindictiveness, the burden shifts to the government to produce evidence that the motivation for pursuing the charges was proper. *Id.*

Here, the procedural context does not raise the type of inherent risk of vindictiveness that supports a presumption of vindictiveness. Neither has Defendant presented any evidence of actual vindictiveness. It bears noting that a desire to see a defendant punished for criminal behavior, like the behavior that is alleged in the Indictment here, is not indicative of an improper motive. As the Supreme Court has stated,

> [t]he imposition of punishment is the very purpose of virtually all criminal proceedings. The presence of a punitive motivation, therefore, does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an impermissible response to noncriminal, protected activity.

*Goodwin*, 457 U.S. at 372–73. Moreover, the "spectre of vindictiveness" is particularly lacking under the circumstances of this case because the "challenged charge is independent of the one that formed the basis of the exercise of the legal right." *Ribota*, 792 F.3d at 841. The drug and gun charges involve entirely different conduct from the conduct involved in the dismissed State charges where Defendant claims he asserted his statutory and constitutional rights.

In the end, Defendant's claim rests on nothing more than the fact that he was not charged in federal court until *after* the State charges were dismissed. But the Seventh Circuit has "repeatedly held . . . that evidence of suspicious timing alone does not indicate prosecutorial animus." *Ribota*, 792 F.3d at 842; *see also United States v. Pittman*, 642 F3d

583, 587 (7th Cir. 2011); *United States v. Cooper*, 461 F.3d 850, 856 (7th Cir. 2006); *United States v. Falcon*, 347 F.3d 1000, 1007 (7th Cir. 2003). Government prosecutors "have wide discretion over whether, how, and *when* to bring a case." *Id.* at 840 (citing *United States v. Jarrett*, 447 F.3d 520, 525 (7th Cir. 2006)) (emphasis added). Outside this timing, Defendant offers no other objective evidence of vindictive motivation. Indeed, much like in *Ribota*, "the facts in this case are particularly unsuited" to an argument that the timing is evidence of vindictive motivation. 792 F.3d at 842.

First, the prosecutors who brought the federal charges did not "expend significant resources in a losing battle." *Id.* (noting that where prosecutor did not oppose a motion to suppress no evidence of animus was "inherent"). Any "personal stake in the matter" is "further diminished" because the federal prosecutors did not bring the State charges. *Id.* Finally, the timing of the federal charges is unremarkable given that once the State charges were dismissed, "the prosecutor was faced with the prospect of a defendant who would soon be released from custody." *Id.* The decision "to immediately file" charges "while the defendant was still in custody is not only reasonable but readily anticipatable." *Id.*

Defendant's submissions do nothing to cast doubt on the presumption that the Indictment in this cause is a legitimate attempt to advance the societal interest in penalizing the violation of federal drug and gun laws. The circumstances that led to the discovery of the evidence that the Government intends to use against Defendant have no bearing on the prosecutors' motives. Additionally, a motion to dismiss for alleged vindictiveness is not the appropriate vehicle through which to challenge the strength of

5

the Government's case, such as whether the Government can connect him to drugs and a firearm found in the apartment belonging to his mother. That is a question for the trier of fact. Likewise, Defendant's arguments related to the admissibility of evidence will be addressed in a separate ruling.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant has failed to present any evidence of vindictiveness that would justify a hearing on his Motion to Dismiss. The Court DENIES Defendant's Motion to Dismiss Indictment Based Upon Vindictive Prosecution [ECF No. 40].

SO ORDERED on December 19, 2019.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT