# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:19-CR-49-HAB-SLC |
| TIMOTHY L. COATS | |

## OPINION AND ORDER

Defendant Timothy L. Coats is facing gun and drug charges as set forth in a seven-count Indictment. On November 6, 2019, the Court granted Defendant's request to proceed pro se. Since then, Defendant has filed several motions requesting various forms of relief ranging from dismissal of the Indictment for vindictive prosecution to exclusion of evidence seized during the execution of search warrants. Although Defendant has submitted separate motions, similar themes are weaved throughout each motion, leading to repetition and overlap. For the sake of clarity, the Court will address only the main theme of each motion and the relief sought therein. Any matters not ruled upon in an opinion, but that are mentioned in the motion that the opinion addresses, will be resolved by other orders of the Court.

In this Opinion and Order, the Court will rule on Defendant's Motion to Exclude Evidence [ECF No. 47], to which there has been a response [ECF No. 54] and a reply [ECF No. 64].

## BACKGROUND

Defendant became the target of an investigation for distribution of drugs. During the investigation, agents used informants to make controlled drug buys of marijuana and pills from Defendant on dates ranging from January 24 through March 25, 2019. The first four counts of the Indictment charge Defendant with violations of 21 U.S.C. § 841(a)(1) based on these transactions. As a result of a separate investigation conducted by the Fort Wayne Police Department, evidence was discovered on April 11, 2019, that was used as the basis for Counts 5, 6, and 7 of the Indictment. In Count 5, Defendant is charged with possessing with intent to distribute a controlled substance and, in Count 6, he is charged with possessing a firearm in furtherance of that drug trafficking crime. The same firearm is the subject of Count 7, wherein Defendant is charged with unlawful possession of a firearm due to his prior felony convictions.

The Fort Wayne Police Department's investigation was prompted by a shooting that took place in Fort Wayne on March 25, 2019. Although Defendant became the suspect in that shooting based on statements from the victim and other witnesses, and was arrested for attempted murder, aggravated battery, and possession of a firearm by a serious violent felon, the State of Indiana moved to dismiss the charges on May 29, 2019.

## ANALYSIS

Defendant argues that the evidence obtained during and resulting from the execution of search warrants in connection with the dismissed attempted murder case are not admissible to prove the violations charged in Counts 5, 6, and 7. Defendant invokes Federal Rule of Evidence 404(b), which prohibits the admission of evidence of

other crimes, wrongs, or acts to prove the character of a person "to show that on a particular occasion the person acted in accordance with that character." Fed. R. Evid. 404(b).

Neither Rule 404(b), nor any other rule of evidence, prohibits the introduction of evidence on the basis that a different crime was under investigation when the evidence was discovered. Defendant has fundamentally misunderstood the purpose of Rule 404(b). The Rule categorically prohibits evidence of other bad acts offered to prove the character of a person, that is, his propensity to commit crime. *See United States v. Smith*, 103 F.3d 600, 602–03 (7th Cir. 1996); *see also United States v. Schmitt*, 770 F.3d 524, 534 (7th Cir. 2014) (explaining that Rule 404(b) was designed to prevent introduction of evidence to suggest to a jury that, because the defendant "was the type of person who would break the law once, he must be the type of person who would break the law again").

Here, the evidence that Defendant asks to be excluded is not evidence of "other acts," and thus only relevant to show propensity. It is evidence of the very crimes that Defendant is charged with committing. The Government alleges that, on April 11, 2019, Defendant illegally possessed drugs and a firearm. Defendant has pled not guilty to those allegations. At trial, the Government would have to prove all the elements of each offense. The evidence at issue goes to facts that are "of consequence in determining the action" and have a "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. As such, it is admissible, absent a separate prohibition. *See* Fed. R. Evid. 402. As noted above, Rule 404(b) does not provide such a prohibition. Notably, the Government does not intend to use the evidence to prove uncharged

conduct, or even to elicit testimony that would identify the other crime that was under investigation when the evidence supporting Counts 5, 6, and 7 was recovered.

In his Reply, Defendant argues that the Government "is misleading the Court to make it seem like relevant evidence because the government has illegally seized the evidence and is now using that evidence to vindictively prosecute the defendant on Counts 5, 6, and 7." (Reply 1, ECF No. 64.) Defendant's motion to dismiss for vindictive prosecution and his motion challenging the seizure of the evidence are subjects of separate motions. The bases for those motions, and the relevant inquiries, are entirely independent from those involved in the motion to exclude.

Finally, Defendant asserts that the evidence does not directly prove any fact absent inference. His argument has no bearing on admissibility. As noted in the Seventh Circuit Pattern Criminal Jury Instructions, a jury is to consider both direct and circumstantial evidence, and the law does not say that one is better than the other. Pattern Criminal Jury Instructions of The Seventh Circuit, Preliminary Instruction No. 10.06 (explaining that "[d]irect evidence is evidence that directly proves a fact" and "[c]ircumstantial evidence is evidence that indirectly proves a fact"). Moreover, juries, as the finders of fact, are instructed that it is appropriate to "look at one fact and conclude from it that another fact exists." *Id.*, Preliminary Instruction No. 10.07 (explaining that inferences must be "based on the evidence").

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Exclude Evidence [ECF No. 47] on his argued grounds that it is not admissible under Federal Rule of Evidence 404(b).

SO ORDERED on December 19, 2019.

                                    s/ *Holly A. Brady*
                                    JUDGE HOLLY A. BRADY
                                    UNITED STATES DISTRICT COURT