UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:19-CR-49-HAB-SLC |
| TIMOTHY L. COATS | |

**OPINION AND ORDER**

Defendant Timothy L. Coats is facing gun and drug charges as set forth in a seven-count Indictment. This matter is before the Court on his pro se Motion for Reconsideration of the Order for Defendant's Motion to Dismiss Indictment Based on Vindictive Prosecution [ECF No. 82]. As the title of the Motion suggests, this Court has already rejected Defendant's claim that he was retaliatorily charged in this federal case after state court attempted murder charges were dismissed. (12/19/19 Opinion and Order, ECF No. 40.) In doing so, the Court noted that the procedural context of the case did not raise the type of inherent risk of vindictiveness that supports a presumption of vindictiveness. Neither had Defendant presented any evidence of actual vindictiveness.

Defendant asks the Court to reconsider, in part, because he was illegally detained in the Allen County Jail even after the state prosecutor filed dismissal papers for the murder charges. Rather than being released, he was held until the federal authorities could get a court to authorize his arrest and federal detainment two days later. This illegal detention, he asserts, is evidence of prosecutorial animus. Defendant asserts that the proper relief for an illegal detention, one that will deter the government from engaging in such illegal activity, is dismissal of the Indictment. The Court does not agree. Defendant's arguments about his detention have no bearing on a due process claim for vindictive prosecution, nor do they support dismissal of the Indictment as a remedy.

Defendant also takes issue with the Court's statement that the drug and gun charges involve entirely different conduct from what was involved in the dismissed State charges, the venue where Defendant claims he asserted his statutory and constitutional rights. The Court made the statement in the context of explaining that the "spectre of vindictiveness" was particularly lacking under the circumstances of this case because the "challenged charge is independent of the one that formed the basis of the exercise of the legal right." *United States v. Ribota*, 792 F.3d 837, 841 (7th Cir. 2015). Defendant bases his disagreement with the Court's observation on the fact that law enforcement discovered some of the evidence of drug trafficking and illegal gun possession during the investigation for the attempted murder.

Defendant's rationale has no bearing on the question of prosecutorial vindictiveness. Whether the charges seek prosecution for the same underlying conduct is what matters. *See Ribota*, 792 F.3d at 841. They do not. The state attempted murder charge sought to prosecute Defendant for actions in connection with a shooting of another individual. The federal charges seek to prosecute him for dealing controlled substances and illegally possessing a firearm. As the Court stated in its previous Opinion and Order, the circumstances that led to the discovery of the evidence that the Government intends to use against Defendant have no bearing on the prosecutors' motives.

## CONCLUSION

Having reviewed Defendant's Motion for Reconsideration, the Court finds no basis to dismiss the Indictment. Defendant's Motion [ECF No. 82] is DENIED.

SO ORDERED on April 15, 2020.

        s/ *Holly A. Brady*
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT