UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:19-CR-49-HAB-SLC |
| TIMOTHY L. COATS | |

**OPINION AND ORDER**

Defendant Timothy L. Coats is facing gun and drug charges as set forth in a seven-count Indictment. This matter is before the Court on his pro se Motion to Dismiss Count 6 of the Indictment [ECF No. 123]. In his reply to the Government's response brief, Defendant adds Counts 5 and 7 to his request for dismissal. For the reasons set forth below, the Motion will be denied.

**BACKGROUND**

By way of Indictment, Defendant was charged with violating 21 U.S.C. § 841(a)(1), specifically with distributing a controlled substance on January 24, 2019 (Count 1), February 14, 2019 (Count 2), March 20, 2019 (Count 3), and March 25, 2019 (Count 4). He was also charged with knowingly and intentionally possessing with intent to distribute controlled substances on April 11, 2019 (Count 5), as well as possessing a firearm in furtherance of the drug trafficking crime committed on that date (Count 6) in violation of 18 U.S.C. § 924(c). The possession of the firearm on April 11, 2019, was also charged as a violation of 18 U.S.C. § 922(g)(1) because Defendant has prior felony convictions (Count 7).

Defendant asserts that the § 924(c) charge must be dismissed because the Government's theory of the case rests on the discovery of the firearm in proximity to pills. However, none of the potential witnesses, including law enforcement, ever saw Defendant with a firearm. Defendant maintains that there is insufficient information that he actively employed the firearm during and

in relation to the drug offense. Additionally, there is no evidence that he possessed the firearm, and the Government cannot establish the appropriate nexus needed for constructive possession.

Elaborating on the constructive possession argument, Defendant notes that he was never observed entering or exiting the apartment where the firearm and pills were located, he is not the lease holder, and multiple individuals had access to the apartment. Although Defendant acknowledges that there are items connecting him to the apartment, he maintains that these do not prove that he stayed at the apartment on or about April 11, 2019. Instead, the evidence suggests that he lived, and spend the majority of his time, at his grandfather's residence.

## ANALYSIS

The essence of Defendant's motion is that the charges that are related to the discovery of controlled substances and a firearm during the execution of a search warrant on April 11, 2019, should be dismissed because the Government will not be able to connect him to the recovered drugs and firearm. Defendant's objections are not to the sufficiency of the manner in which Counts 5, 6, and 7 are alleged, but to the sufficiency of the evidence that supports those charges. Because fact-based arguments about the sufficiency of evidence cannot be used to dismiss a criminal indictment, his Motion is a non-starter.

The Federal Rules of Criminal Procedure require a defendant to raise by pretrial motion defenses, objections, or requests that the court can determine "without a trial on the merits." Fed. R. Crim. P. 12(b)(3). Thus, while an indictment may be dismissed if subject to a defense that raises only a question of law, a defense relating to the strength of the government's evidence ordinarily must wait for trial. "The Supreme Court has held that 'an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for a trial on the merits.'" *United States v. Greve*, 490 F.3d 566, 570–71 (7th Cir. 2007) (quoting *Costello v. United States*,

350 U.S. 359, 363 (1956)) (brackets and ellipses omitted). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)).

Defendant has not asserted that the Indictment fail to state an offense. Nor could he; an indictment is sufficient if it states each element of the crimes charged, provides the defendant with adequate notice of the nature of the charges so that he may prepare a defense, and allows the defendant to raise the judgment as a bar to future prosecutions for the same offense. *United States v. Nayak*, 769 F.3d 978, 979-80 (7th Cir. 2014). "[A]n indictment that 'tracks' the words of the statute itself" is generally acceptable." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

Because Defendant is plainly challenging the evidence supporting the charged offenses, which is an improper argument on a motion to dismiss the indictment, the Court will deny his request for the dismissal of Counts 5, 6, and 7.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Dismiss [ECF No. 123].

SO ORDERED on April 15, 2020.

         s/ *Holly A. Brady*
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT